# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARY L. MATTHEWS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **CIVIL ACTION NO.** |
| | § | |
| **UNIVERSITY OF THE INCARNATE WORD,** | § | **SA-07-CA-1040 FB (NN)** |
| **DONNA ARONSON,** | § | |
| **JOHN PERRY,** | § | |
| **LYDIA ANDRADE,** | § | |
| **ROBERT KUNCZT,** | § | |
| **DENISE DOYLE,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER *DENYING* REQUEST FOR APPOINTMENT OF COUNSEL

The matter before the Court is plaintiff's request for appointment of counsel. Plaintiff's request was submitted along with a complaint alleging that her former employer discriminated against her by terminating her for unlawful reasons, in violation of Title VII of the Civil Rights Act of 1964, as well as the Age Discrimination in Employment Act.

The Fifth Circuit has directed that requests for appointment of counsel in civil cases will be granted only upon a showing of "exceptional circumstances" considering four factors:

(1) the type and complexity of the case;
(2) whether the [pro se litigant] is capable of adequately presenting his case;
(3) whether the [pro se litigant] is in a position to investigate adequately the case; and
(4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[1]

---

[1] **Ulmer v. Chancellor**, 691 F.2d 209, 213 (5th Cir.1982)

1

A plaintiff in a civil case has no absolute right to appointment of an attorney.[2] Indeed, the plaintiff has the burden of persuasion as to the necessity of an appointment.[3]

Applying these factors to this case, I will deny plaintiff's request for court appointed counsel. Given the minimal information available at this point in the case, it is unclear if plaintiff's claims of discrimination have merit, or whether the case is particularly complex, will require cross examination of witnesses, or is susceptible of summary disposition. From a review of the documents submitted thus far and plaintiff's claim that she was qualified for a university level teaching position, plaintiff would likely have the ability to investigate and present her case to the Court without the assistance of an attorney.

I find that this is not the type of extraordinary case in which appointment of counsel is necessitated, either for the parties or for the Court. Because plaintiff has failed to establish entitlement to appointment of counsel, her request is **DENIED**.

**SIGNED** on December 27, 2007.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[2]**Pennington v. Texas Highway Dept.**, 990 F.2d 627 (5th Cir. 1993).

[3]**Caston v. Sears, Roebuck and Co.**, 556 F.2d 1305, 1310 (5th Cir. 1977).